# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

ROBERT J.

    Plaintiff,

v.                              Civil Case No.: 19-2593-RDB

COMMISSIONER, SOCIAL SECURITY
ADMINISTRATION,

    Defendant.

## REPORT AND RECOMMENDATION

Pursuant to Standing Order 2014-01, this Social Security appeal has been referred to me for review of the parties' dispositive motions and to make recommendations pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 301.5(b)(ix). ECF No. 4.[1] On September 6, 2019, Plaintiff filed a complaint against the Social Security Administration ("SSA"). ECF No. 1. On December 16, 2019, the SSA filed a Motion to Dismiss. ECF No. 11. On December 23, 2019, Plaintiff filed an opposition to the motion. ECF No. 13. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018). For the reasons set forth below, I recommend that the SSA's motion to dismiss be granted and that Plaintiff's complaint be dismissed.[2]

## I.     BACKGROUND

In 2017 and 2019, Plaintiff filed four claims for Social Security benefits. On July 19, 2017, he filed two of his four claims for benefits, seeking Disability Insurance Benefits ("DIB") and

---

[1] On September 11, 2019, this case was referred to then-Magistrate Judge Gallagher for pretrial management and report and recommendation on the Social Security claims. Judge Gallagher subsequently became a District Court Judge, and the referral was transferred to me.

[2] In his complaint, Plaintiff named several defendants other than the SSA. *See* ECF No. 1. This Report and Recommendation addresses only Plaintiff's claims against the SSA.

Supplemental Security Income ("SSI"). ECF No. 11-2, Declaration of Janay Podraza, Chief of Court Case Preparation and Review Branch 2 of the Office of Appellate Operations for the SSA ("Podraza Decl.") ¶ (3)(c). His claim for DIB was denied on September 12, 2017, and he did not request review of that decision. *Id.* His claim for SSI was denied on September 20, 2017. *Id.* Plaintiff did request reconsideration of that decision, but he did not request further administrative review of the SSA's October 13, 2017 letter denying his request for reconsideration. *Id.* On March 28, 2019, Plaintiff filed a third claim for benefits, another claim for SSI. *Id.* ¶ (3)(d). His request was denied on July 17, 2019, and he did not request review of that decision. *Id.* On July 29, 2019, Plaintiff filed his fourth claim for benefits, another claim for DIB. *Id.* ¶ (3)(f). His request was denied on August 20, 2019, and he did not request review of that decision. *Id.* Each SSA notice advised Plaintiff how to appeal its decision. *Id.* Exhs. 5-9. All SSA correspondence was addressed to Plaintiff's address in New York. *Id.*

On June 27, 2019, Plaintiff filed a complaint against the SSA in this Court. Civil No. DKC-19-1931, ECF No. 1. On September 6, 2019, Plaintiff filed another complaint against the SSA in this Court, which is the complaint at issue here. ECF No. 1. The SSA's factual and legal responses in both cases are the same. In the first-filed complaint, Plaintiff alleged that the SSA exercised an "abuse of authority" and "denied benefits over a (9) year period with no real reasons." Civil No. DKC-19-1931, ECF No. 1 at 2. In the complaint filed in this case, Plaintiff challenges the SSA's August 20, 2019 denial of his request for DIB. ECF No. 1 at 5-6; *see* ECF No. 1-1 (attaching to the Complaint an August 20, 2019 letter from the SSA denying his request for DIB). Plaintiff also alleges wrongdoing by several other parties who were not responsible for the SSA's decision to deny him disability benefits, including his former attorneys and the McDonald's Corporation. ECF No. 1 at 1-5.

On December 16, 2019, the Commissioner filed a motion to dismiss this case for lack of subject matter jurisdiction because Plaintiff failed to exhaust his administrative remedies and for lack

2

of venue. ECF No. 11. Plaintiff claims that jurisdiction is proper "under the U.S. Constitution" and that the Commissioner's "grounds for DISMISSAL . . . are moot & meritless." ECF No. 13 at 1 (emphasis in original). Plaintiff also requests "judicial probes & sanctions for all parties involved as RICO LAW ACT CRIMES are being committed," a jury trial "as demanded in Granted IFP Application by Presiding Judge(s)," and that the defendants' counsel "recuse themselves or be held liable for insurance fraud, white collar crimes & RICO ACT CRIMES for defending criminal enterprises who denied Plaintiff entitled Due Process Rights." *Id.* at 1-2 (emphasis in original).

## II. ANALYSIS

### A. Subject Matter Jurisdiction

The SSA first argues that this Court lacks subject matter jurisdiction over Plaintiff's appeal because Plaintiff failed to exhaust his administrative remedies before filing suit and is not, therefore, appealing from a final decision of the Commissioner. ECF No. 11-1 at 7-9. Federal Rule of Civil Procedure 12(b)(1) governs motions to dismiss for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). A Rule 12(b)(1) motion should be granted "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Richmond, Fredericksburg & Potomac R.R. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991) (citing *Trentacosta v. Frontier Pac. Aircraft Indus.*, 813 F.2d 1553, 1558 (9th Cir. 1987)). In a motion to dismiss for lack of subject matter jurisdiction, the pleadings should be regarded as "mere evidence on the issue," and courts may "consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Id.* (citing *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982); *Trentacosta*, 813 F.2d at 1558). In considering this motion, I have considered the declaration of Janay Podraza, Chief of Court Case Preparation and Review Branch 2 of the Office of Appellate Operations for the SSA, which the Commissioner filed along with supporting documentation. ECF No. 11-2.

A plaintiff carries the burden of establishing subject matter jurisdiction. *See Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999) (citing *Thomas v. Gaskill*, 315 U.S. 442, 446 (1942)). However, a *pro se* litigant's complaint should not be dismissed unless it appears beyond doubt that the litigant can prove no set of facts in support of his claim that would entitle him to relief. *Gordon v. Eeeke*, 574 F.2d 1147, 1151 (4th Cir. 1987). *Pro se* filings, "however unskillfully pleaded, must be liberally construed." *Noble v. Barnett*, 24 F.3d 582, 587 n.6 (4th Cir. 1994) (citing *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977)). Where a plaintiff has failed to exhaust administrative remedies before bringing a claim, the action should be dismissed under Rule 12(b)(1). *See Khoury v. Meserve*, 268 F. Supp. 2d 600, 606 (D. Md. 2003), *aff'd*, 85 F. App'x 960 (4th Cir. 2004).

The federal government and its agencies, including SSA, are immune from suit, absent a statute expressly permitting a court to exercise jurisdiction. *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994). Under the Social Security Act, 42 U.S.C. § 301 *et. seq.*, United States District Courts have the authority to review final decisions of the Commissioner of Social Security pursuant to 42 U.S.C. § 405(g). The Act precludes judicial review absent a "final decision." *See Califano v. Sanders*, 430 U.S. 99, 108 (1977). The remedy provided by 42 U.S.C. § 405(g) is exclusive: "No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided." 42 U.S.C. § 405(h). SSA regulations define a "final decision" of the Commissioner as an "initial determination" that has been pursued through all steps of the administrative review process. *See* 20 C.F.R. § 416.1400(a). Indeed, the Supreme Court has long required parties to exhaust administrative remedies before seeking relief from the courts. *See McCarthy v. Madigan*, 503 U.S. 140, 144–45 (1992). The SSA review process entails four steps: (1) an initial determination; (2) reconsideration; (3) an Administrative Law Judge ("ALJ") hearing and decision; and (4) Appeals Council ("AC") review or denial thereof. 20 C.F.R. § 416.1400(a)(1)-(4). Once a claimant has completed that process, a "final decision" has been issued, and the claimant may seek judicial

4

review. 20 C.F.R. § 416.1400(a)(5). Appeal of a final decision ordinarily must be "commenced within sixty days after the mailing" to the claimant of notice of the decision. 42 U.S.C. § 405(g). If the claimant does not pursue administrative appeal rights, or does not do so within the time limits set out in the regulations, the administrative determination or decision becomes binding. *See* 20 C.F.R. §§ 404.905, 404.921, 404.955, 404.981, 416.1405, 416.1421, 416.1455, 416.1481.

The record before me shows that Plaintiff failed to exhaust his administrative remedies. He did not request administrative review of the SSA's September 12, 2017 denial of his DIB claim; the SSA's October 13, 2017 denial of his motion for reconsideration of the denial of his SSI claim; the SSA's July 17, 2019 denial of his SSI claim; or the SSA's August 20, 2019 denial of his DIB claim. Because Plaintiff did not exhaust his administrative remedies for any of his four claims, there is no "final decision" for judicial review.[3] Absent a "final decision" by the SSA, the Court has no jurisdiction over Plaintiff's claims. 42 U.S.C. § 405(g), (h); *Califano*, 430 U.S. at 108.

**B. Venue**

The Commissioner argues that, even if a court had jurisdiction over Plaintiff's appeal, the District Court for the District of Maryland is not the proper venue. I agree. Venue properly lies in the district where the plaintiff resides. *See* 42 U.S.C. § 405(g) (stating that an individual challenging a "final decision of the Commissioner of Social Security made after a hearing to which he was a party" may bring a civil action "in the district court of the United States for the judicial district in which the plaintiff resides, or has his principal place of business"). For purposes of determining venue, "[i]t is

---

[3] Plaintiff is familiar with the steps of administrative review. In 2012, Plaintiff filed a claim for SSI. Podraza Decl. ¶ (3)(a). Plaintiff's claim was denied, he requested a hearing in front of an ALJ, the ALJ issued an unfavorable decision, and the AC denied his request for review. *Id.* Having exhausted his administrative remedies, Plaintiff requested judicial review of the Commissioner's final decision in the United States District Court for the Southern District of New York. *Id.* ¶ (3)(b). On July 21, 2017, the Court affirmed the Commissioner's decision. ECF No. 22-2 Exh. 4.

immaterial that the principal place of business for the Social Security Administration is Maryland." *Davis v. Astrue*, No. SAG-11-3478, 2013 WL 66502, at *2 (D. Md. Jan. 3, 2013).

Plaintiff is a resident of New York. *See* ECF No. 1 (listing Bronx, New York address); ECF No. 6 (same); ECF No. 11-2 Exhs. 5-9 (SSA correspondence addressed to Plaintiff in Bronx, New York and Buffalo, New York). There is no allegation or evidence that he is a Maryland resident. Therefore, if the federal courts had jurisdiction over his claims, this case nonetheless could not proceed in Maryland. *See* 42 U.S.C. § 405(g); *see also* 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."). Therefore, his complaint should be dismissed for lack of venue.

## C. Jury Trial

Plaintiff has repeatedly requested a jury trial. *See* ECF Nos. 1, 6, 13 at 2 ("Plaintiff is entitled to a Jury Trial as demanded in Granted IFP Application by Presiding Judge(s)."). The Social Security Act does not allow jury trials. 42 U.S.C. § 405(g). The Court's order granting Plaintiff to proceed *In Forma Pauperis* permitted Plaintiff to continue with his case without prepaying the court's filing fees and directed the United States Marshal to effectuate service of process on the defendants. *See* ECF No. 7. Contrary to Plaintiff's understanding, the order granting permission to proceed *In Forma Pauperis* did not grant his request for a jury trial.

## CONCLUSION

For the reasons set forth above, I respectfully recommend that the Court GRANT Defendant's Motion to Dismiss, ECF No. 11, DISMISS Plaintiff's Complaint, ECF No. 1, and order the Clerk to CLOSE this case.

Any objections to this Report and Recommendations must be served and filed within fourteen (14) days, pursuant to Federal Rule of Civil Procedure 72(b)(2) and Local Rule 301.5(b).

## NOTICE TO PARTIES

Failure to file written objections to the proposed findings, conclusions, and recommendations of the Magistrate Judge contained in the foregoing report within fourteen (14) days after being served with a copy of this report may result in the waiver of any right to a *de novo* review of the determinations contained in the report and such failure shall bar you from challenging on appeal the findings and conclusions accepted and adopted by the District Judge, except upon grounds of plain error.

Dated: March 20, 2020 _____/s/_____
Deborah L. Boardman
United States Magistrate Judge