IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ROBERT J.,                                              :

             Plaintiff,                             :

               v.                                  :          Civil Case No. RDB 19-2593

ANDREW SAUL,                                            :
Commissioner of Social Security,
                                :

             Defendant.

**MEMORANDUM and ORDER**

On September 6, 2019, Plaintiff Robert J., proceeding *pro se*, filed this complaint against

the Social Security Administration ("SSA"). ECF No. 1. Plaintiff's request to proceed *in forma*

*pauperis* was granted. ECF No. 7. Plaintiff properly served the three required entities for a Social

Security appeal in federal court: William P. Barr, United States Attorney General; Robert K. Hur,

United States Attorney for the District of Maryland; and Andrew Saul, Commissioner of the SSA.

ECF No. 9.

In addition to the SSA, Plaintiff's complaint names several other defendants: Saul Partners,

L.P., OASDI Corporation, DI Corporation, Internal Revenue Service, U.S. Department of

Commerce, U.S. Department of Labor, U.S. Department of the Treasury, Derico of East Amherst

Corporation, McDonald's Corporation, Enrico Francani, Cellino & Barnes, P.C., Michael J.

Cooper, Michael J. Lovecchio, Lori Rykovich, Judith Mazenauer, LoTempio P.C. Law Group,

Hartford Insurance Company, Med Recovery Management, State of New York – Workers

Compensation Board, Amanda Zafur, Jillian Stiefel, Noralyn A. Dillon, Christopher J. Swift, Beth

A. Bombara, Scott R. Lewis, Prudential Financial, Hartford Financial Services Group, and

Northeast Workers Compensation Claim Center (collectively, the "Non-SSA Defendants").

Plaintiff has not served the Non-SSA Defendants.

On December 16, 2019, the Commissioner filed a motion to dismiss Plaintiff's complaint. ECF No. 11. On December 23, 2019, Plaintiff filed a response to the motion. ECF No. 13.

Under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss a complaint filed by a *pro se* plaintiff if the action is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." *Pro se* filings, "however unskillfully pleaded, must be liberally construed." *Noble v. Barnett*, 24 F.3d 582, 587 n.6 (4th Cir. 1994) (citing *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977)). "Liberal construction, though, does not mean a court may overlook a clear failure in the pleading to allege facts that set forth a cognizable claim." *McClain v. Wells Fargo Home Mortgage/Wells Fargo Bank, N.A.*, Civil No. PWG-18-2084, 2018 WL 8968242, at *2 (D. Md. October 12, 2018) (citing *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990)). Furthermore, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

Having reviewed Plaintiff's complaint, ECF No. 1, and his response to the Commissioner's motion to dismiss, ECF No. 13, the Court finds that Plaintiff has not stated a claim against the Non-SSA Defendants. In his complaint, Plaintiff appeals the SSA's August 20, 2019 denial of his request for disability insurance benefits, and he has properly named the SSA as a defendant. *See* ECF No. 1 & ECF No. 1-1 (attaching August 20, 2019 SSA notice explaining why he did not qualify for disability benefits). With respect to the Non-SSA Defendants, Plaintiff alleges a variety of wrongdoings related to an injury at a McDonald's restaurant, ineffective assistance of counsel, abuse of authority, insurance fraud, breach of contract, coercion, and discrimination. ECF No. 1 at 4-6. Plaintiff seeks "100% Ownership" of several entities, including corporations, law groups, an estate, a worker's compensation claim center, and individuals. *Id*. at 7-8. Plaintiff also seeks "$500 Billion Dollars in Punitive Damages; $200 Trillion Dollars For Corporation Fraud; $100

Billion for Ineffective Counsel; All other relief including but not limited to criminal prosecution RICO Act." *Id*. at 8. These allegations against the Non-SSA Defendants are unrelated to his claim for disability benefits. The Non-SSA Defendants were not involved in or responsible for the decision to deny him disability benefits. As such, Plaintiff has not stated a claim for cognizable relief against them.

Because Plaintiff has not stated claims for relief against the Non-SSA Defendants, the Court will dismiss Plaintiff's claims as to the Non-SSA Defendants with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Accordingly, it is this 20th day of March, 2020, by the United States District Court for the District of Maryland, ORDERED that:

1. Plaintiff's claims as to Defendants Saul Partners, L.P., OASDI Corporation, DI Corporation, Internal Revenue Service, U.S. Department of Commerce, U.S. Department of Labor, U.S. Department of the Treasury, Derico of East Amherst Corporation, McDonald's Corporation, Enrico Francani, Cellino & Barnes, P.C., Michael J. Cooper, Michael J. Lovecchio, Lori Rykovich, Judith Mazenauer, LoTempio P.C. Law Group, Hartford Insurance Company, Med Recovery Management, State of New York – Workers Compensation Board, Amanda Zafur, Jillian Stiefel, Noralyn A. Dillon, Christopher J. Swift, Beth A. Bombara, Scott R. Lewis, Prudential Financial, Hartford Financial Services Group, and Northeast Workers Compensation Claim Center are DISMISSED with prejudice; and

2. The Clerk will transmit a copy of this Memorandum and Order to counsel for the other Defendants and directly to Plaintiff.

_____/s/_____
RICHARD D. BENNETT
United States District Judge